Henry Hannafin
vs.
Chemical & Dye Corporation of New England
}No. 2155.

September 26, 1929.

CARPENTER, J.  This case was tried in East Greenwich on the 22nd and 23rd of April, 1929, before a jury, at which trial the jury returned a verdict for the plaintiff in the sum of $900. On the 26th of April, 1929, the defendant filed a motion for a new trial, which was heard before this Court on the 29th of June, 1929. The motion for a new trial alleged the usual grounds.

The plaintiff contended and offered evidence to prove that he was employed by the defendant for the period of one year from May 23, 1928, to May 23, 1929, at the rate of $75.00 per week, and that he entered upon the employment and worked for the defendant from May 23, 1928, to June 16, 1928, at which time he was notified that his services were at an end. There was some evidence tending to prove that the plaintiff performed his work according to the contract.

The defendant denied that the employment was for any stipulated time, and claimed that plaintiff was hired to work without any time being specified as to the duration of the employ-

ment, and that, therefore, defendant had a right to discharge the plaintiff at any time if it was dissatisfied or so desired.

As the evidence developed in the case, the issue was narrowed down to the simple question as to whether or not the contract was for one year. If the contract was for a year, the plaintiff was entitled to recover the full amount of his salary for a year less what small sums had been paid him during the time that he actually worked. This was true, because the plaintiff testified that he had during the year made every effort to obtain other employment but was unable so to do, which evidence was not contradicted by the defendant. If the contract was not for a year, the defendant was entitled to a verdict, as the plaintiff had been paid in full for his services as actually rendered. The jury found for the plaintiff for $900, which appears to this Court to be erroneous upon all the evidence submitted in the case. The Court also feels that substantial justice has not been done, and therefore the motion for a new trial is granted.

For plaintiff: Quinn, Kernan & Quinn.

For defendant: Edward C. Stiness, F. J. O'Brien.